[No. B161103. Second Dist., Div. Six. Apr. 16, 2003.]

In re the Marriage of LINDA and DAVID CAMPOS.
LINDA BROWN, Respondent, v.
DAVID CAMPOS, Appellant.

COUNSEL

Misho, Kirker & Brown and Vanessa Kirker for Appellant.

Laura G. Dewey for Respondent.

OPINION

**YEGAN, J.**—David Campos (husband) filed an order to show cause for modification of the child custody and visitation order relating to his sons, ages 15 and 12, after their mother, Linda Brown (wife), announced she would move with the children from their home town of Santa Barbara to Moorpark, two hours away. The trial court denied the order to show cause without an evidentiary hearing, finding that wife did not have a bad faith reason for the move. Husband contends on appeal that he was entitled to an evidentiary hearing on the question whether the move would be so detrimental to the children that a change in the custody arrangement was essential for their welfare. We agree. Accordingly, we reverse the trial court's order of August 23, 2002, and remand the matter for an evidentiary hearing on husband's order to show cause.

*Facts and Procedural History*

Husband and wife were married for 17 years 3 months, and have two minor sons, ages 15 and 12. The judgment of dissolution awarded them joint legal custody of the minor children. Wife had sole physical custody of the children, and husband was granted visitation on alternate weekends, for three hours every Monday and Wednesday evening, and for three weeks each summer. Until the summer of 2002, the parties and their children lived in Santa Barbara. In August 2002, wife announced her intention to move with the children and her second husband to Moorpark, two hours away. Husband sought to modify the custody and visitation judgment to grant him physical custody of the children, so that they could remain in Santa Barbara. He argued that the boys did not want to move because they would have to leave behind their extended family and their life-long friends and classmates. The

older son was starting high school that fall, while the younger son was moving to junior high school. Both boys preferred to start their new schools with their old friends, rather than with strangers.

The trial court appointed counsel for the children. At the hearing on husband's motion, the children's counsel reported that they were concerned about losing contact with wife's extended family and with their friends and classmates. The children apparently told a psychologist retained by their attorney that they did not want to move; they did not make the same statement to their attorney.

The trial court denied husband's request for an evidentiary hearing at which the children would testify. After oral argument by counsel, the trial court declined to modify the custody and visitation arrangement, reasoning: "Well, I think that the law is clear. *Burgess* is the law. And *Burgess* requires nothing further than a look into whether there's an allegation of bad faith in the move. And there apparently is none at this time. [¶] It is disruptive for the children, but not as much, perhaps, as the failure of the marriage was for these children. That was probably the most disruptive thing in their lives up to this point in time, anyway. [¶] The changing schools, at this particular time, the Court does not feel is that prejudicial for the children's welfare at all. It's simply a matter of readjustment. They're still with their family, the family that they know. [¶] The father will of course have the rights of visitation that he's always had. We might have to look into that or have a mediation to determine how that can be improved upon. He certainly will have contact with their family here in Santa Barbara. No doubt about that. [¶] And I think the Court really doesn't have to look much beyond *Burgess*. And so the Court will permit the mother to transfer the children to Moorpark."

*Discussion*

 Husband contends the trial court erred when it refused to permit him to present evidence that the move to Moorpark would be detrimental to the children's welfare. Here, the trial court reasoned that, under the controlling authority, *In re Marriage of Burgess* (1996) 13 Cal.4th 25 [51 Cal.Rptr.2d 444, 913 P.2d 473] (hereafter *Burgess*), husband's order to show cause had to be denied without an evidentiary hearing because there was no "allegation of bad faith in the move." In doing so, the trial court erred as a matter of law for two reasons. First, it adopted too narrow a reading of *Burgess*. Second, it erroneously denied husband the opportunity to present evidence on the question of whether the move would cause detriment to the children.

*Burgess* held that where, as here, a judicial custody order is in place, the custodial parent has a "presumptive right . . . to change the residence of the minor children, so long as the removal would not be prejudicial to their rights or welfare." (*Burgess, supra*, 13 Cal.4th at p. 32, citing Fam. Code, § 7501.) The "paramount need" of children "for continuity and stability in custody arrangements—and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker —weigh heavily in favor of maintaining ongoing custody arrangements." (*Burgess*, at pp. 32-33.) Once a trial court has determined that a particular child custody and visitation arrangement is in the best interests of the children, " 'the court need not reexamine that question. Instead, it should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest.' (*Burchard* v. *Garay* [(1986)] 42 Cal.3d [531,] 535 [229 Cal.Rptr.2d 800, 724 P.2d 486].)" (*Id.* at p. 38.)

A change in custody is not mandated simply because a move will require more travel or a change in the child's visitation schedule with the noncustodial parent. (*In re Marriage of Lasich* (2002) 99 Cal.App.4th 702, 717-718 [121 Cal.Rptr.2d 356].) To the contrary, *Burgess* holds that a substantial showing is required to change an existing custody order. "In a 'move-away' case, a change of custody is not justified simply because the custodial parent has chosen, for any sound good faith reason, to reside in a different location, but only if, as a result of relocation with that parent, the child will suffer detriment rendering it ' "essential or expedient for the welfare of the child that there be a change." ' " (*Burgess, supra,* 13 Cal.4th at p. 38, quoting *In re Marriage of Carney* (1979) 24 Cal.3d. 725, 730 [157 Cal.Rptr. 383, 598 P.2d 36, 3 A.L.R.4th 1028].)

This standard of proof is admittedly very high. Nevertheless, a noncustodial parent opposing a "move away" order has the right to present evidence on both of the relevant issues: bad faith and detriment to the child. Here, the trial court erred because it refused to consider the second issue, concluding instead that wife's good faith was the only relevant consideration. It is not. As *Burgess* expressly holds, a change of custody may be ordered in a "move away" case where, as a result of the move, the children will suffer detriment rendering a change of custody essential or expedient for their welfare. (*Burgess, supra,* 13 Cal.4th at p. 38; see also *In re Marriage of Edlund & Hales* (1998) 66 Cal.App.4th 1454, 1469 [78 Cal.Rptr.2d 671].) Husband proffered evidence that the move would cause detriment to the children because they were opposed to the move and because it would separate them from their extended family, friends and classmates. Before the trial court ruled on this order to show cause, it should have heard evidence on this issue.

This court's recent opinion in *In re Marriage of Bryant* (2001) 91 Cal.App.4th 789 [110 Cal.Rptr.2d 791], is not to the contrary. First, we conclude here that the trial court erred in failing to hold an evidentiary hearing on the question whether moving with wife would cause detriment to the children. The parties in *Bryant,* by contrast, had such a hearing. Second, *Bryant* held that, in the absence of bad faith, a trial court should not inquire into or evaluate the custodial parent's reasons for moving. (*Id.* at pp. 793-794.) Here, after it determined that wife was not acting in bad faith, the trial court properly refused to inquire further into her reasons for moving. It erred, however, by failing to consider the second half of the *Burgess* analysis: whether the move will cause detriment to the children rendering a change in custody essential for their welfare. Nothing in *Bryant* gives the trial court license to ignore that question. To the contrary, *Bryant* counsels trial courts to shift their focus away from evaluating a custodial parent's reasons for moving and toward evaluating the effect moving will have on the children. We reiterate that advice here. In a move away case, the trial court must always consider whether a custodial parent is acting in bad faith. (*Burgess, supra,* 13 Cal.4th at p. 38.) It must also always consider whether "as a result of relocation with [the custodial] parent, the child will suffer detriment rendering it ' "essential or expedient for the welfare of the child that there be a change." ' " (*Ibid.*)

The trial court's order of August 23, 2002, denying husband's order to show cause, is reversed. The matter is remanded for an evidentiary hearing on the order to show cause. In the interests of justice, the parties are to bear their own costs on appeal.

Gilbert, P. J., and Coffee, J., concurred.

On May 15, 2003, the opinion was modified to read as printed above.